[Submitting counsel below]

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB |
| | **[REDACTED] PLAINTIFF'S MOTION TO EXCLUDE EXPERT TESTIMONY OF JOSEPH OKPAKU** |
| This Document Relates to: | Judge:  Honorable Charles R. Breyer |
| *WHB 823 v. Uber Techs., Inc.*, et al. N.D. Cal. No. 3:24-cv-04900 W.D.N.C. No. 3:25-cv-00737 | Date:    April 2, 2026 |
| | Time:   2:00 PM PT |
| | Ctrm.:  6-17th Floor |
| | **PROVISIONALLY FILED UNDER SEAL** |

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF NORTH CAROLINA**

**CHARLOTTE DIVISION**

| | |
|---|---|
| WHB 823, | No. 3:25-cv-00737 |
| Plaintiff, | Judge: Honorable Charles R. Breyer |
| v. | |
| UBER TECHNOLOGIES, INC., et al., | |
| Defendants. | |

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 4

LEGAL STANDARD ........................................................................................................ 5

ARGUMENT ..................................................................................................................... 6

    A.    Mr. Okpaku's opinions are irrelevant. ........................................................ 6

        1.    Mr. Okpaku's opinions on the North Carolina TNC statute are irrelevant to Uber's status as a common carrier. ......................................... 7

    B.    Mr. Okpaku's opinions are unreliable and improper legal opinions. ...................... 8

        1.    How regulators ██████████████████████████ are improper and unhelpful legal conclusions. ................................................ 8

        2.    Mr. Okpaku's ████████████████████ is an improper legal opinion. ................................................................................................ 9

        3.    Mere recitations of regulatory history packaged as ████████ ██████ are irrelevant to Uber's status as a common carrier and unhelpful to the trier of fact. ...................................................................... 10

        4.    Mr. Okpaku's opinion that ████████████████ is irrelevant to Uber's status as a common carrier. .......................................... 10

        5.    Uber's █████████████████████████ are not relevant. .................................................................... 10

**CASES**

*Arter v. Orange Cnty.*,
904 S.E.2d 715 (N.C. 2024)..................................................................................... 7

*Beavers v. Fed. Ins. Co.*,
437 S.E.2d 881 (N.C. App. 1994)......................................................................... 6, 7

*BP Prods. N. Am., Inc. v. Grand Petrol., Inc.*,
2021 WL 4482138 (N.D. Cal. Sept. 30, 2021) ....................................................... 7

*Brainchild Surgical Devices, LLC v. CPA Glob. Ltd.*,
144 F.4th 238 (4th Cir. 2025) ................................................................................. 9

*Brewer v. BNSF Rwy. Corp.*,
2016 WL 11709319 (D. Mon. Apr. 22, 2016) ....................................................... 8

*CFM Commc'ns, LLC v. Mitts Telecasting Co.*,
424 F. Supp. 2d 1229 (E.D. Cal. 2005).................................................................. 8

*Cooper v. Smith & Nephew, Inc.*,
259 F.3d 194, 199 (4th Cir. 2001).......................................................................... 4

*Crow Tribe of Indians v. Racicot*,
87 F.3d 1039 (9th Cir. 1996).................................................................................. 9

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
509 U.S. 579 (1993)............................................................................................ 3, 4

*Hairston v. Atl. Greyhound Corp.*,
18 S.E.2d 166 (N.C. 1942)...................................................................................... 5

*Jackson v. Stancil*,
116 S.E.2d 817 (N.C. 1960).................................................................................... 5

*Kumho Tire v. Carmichael*,
526 U.S. 137, 150 (1999)........................................................................................ 4

*Oglesby v. Gen. Motors Corp.*,
190 F.3d 24 (4th Cir. 1999)..................................................................................... 4

*United States ex rel. Miller v. ManPow, LLC*,

    2023 WL 9005796 (C.D. Cal. Nov. 22, 2023)..................................................................... 8

*United States v. Barile*,

    286 F.3d 749 (4th Cir. 2002)............................................................................................. 7

*United States v. Offill*,

    666 F.3d 168 (4th Cir. 2011)............................................................................................. 8

*United States v. Scholl*,

    166 F.3d 964 (9th Cir. 1999)............................................................................................. 8

*United States. v. McIver*,

    470 F.3d 550 (4th Cir. 2020)............................................................................................. 8

*White v. Norfolk & S.R. Co.*,

    20 S.E. 191 (N.C. 1894)..................................................................................................... 5

*Williams v. Gill*,

    29 S.E. 879 (N.C. 1898)..................................................................................................... 5

**STATUTES**

N.C.G.S. § 62-3............................................................................................................................ 8

**RULES**

Fed. R. Evid. 403 ........................................................................................................................ 8

Fed. R. Evid. 702 ........................................................................................................................ 6

- iii -

PL'S MOT. TO EXCLUDE OKPAKU
N.D. CAL. NO. 24-CV-4900; W.D.N.C. NO. 25-CV-737

# **INTRODUCTION**

Plaintiff WHB 823 moves to exclude the testimony of Uber expert Joseph Okpaku for failing to meet the requirements of Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and because his opinions are irrelevant to the issues in this case.

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████ Ex. A (Expert Report of Joseph Okpaku dated September 26, 2025) at 5-6.

These opinions are irrelevant. Plaintiff proceeds to trial solely on the theory that Uber is vicariously liable as a common carrier; she is not pursuing her claim in negligence. As the Court earlier explained, in North Carolina, common carriers owe non-delegable duties to provide transportation safely, duties that are breached when the driver assaults a passenger. Common-carrier status therefore creates vicarious liability. *See* PTO 28 at 22-23. The jury will not receive a charge on Uber's agency over drivers or reasonableness of Uber's conduct, and therefore ████ ████████████████████████████████████████████████████████████ ████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████ North Carolina applies the traditional common law rule: a common carrier is one who holds itself out as offering transportation to the public for money. Under undisputed facts, that is exactly what Uber is and what Uber does. Indeed, as this Court stated under Florida and Illinois law (materially indistinguishable from that of North Carolina): "There seemingly can be no doubt that … Uber

would meet the definition of a common carrier." PTO 18 at 6.[1] ████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████ As such, his opinions are not only irrelevant, but also unreliable.

<strong><u>LEGAL STANDARD</u></strong>

Admissibility of expert testimony is governed by Fed. R. Evid. 702, as elucidated by *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). In determining admissibility, the Court must ensure that evidence is "not only relevant, but reliable." *Daubert*, 509 U.S. at 589. Expert testimony is admissible only if (1) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (2) the testimony is based on sufficient facts or data; (3) the testimony is the product of reliable principles and methods; and (4) the expert has reliably applied the principles and methods to the facts of the case. *See* Fed. R. Evid. 702; *see also Daubert*, 509 U.S. at 593. The Supreme Court further held in *Kumho Tire v. Carmichael*, 526 U.S. 137, 150 (1999) that "*Daubert's* general holding—setting forth the trial judge's general 'gatekeeping' obligation—applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge." *Oglesby v. Gen. Motors Corp.*, 190 F.3d 244, 249 (4th Cir. 1999) (quoting *Kumho Tire*, 526 U.S. 137 at 138).

The Court "must conduct 'a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue.'" *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001) (quoting *Daubert*, 509 U.S. at 592–93). Reliability requires that the testimony be rooted in "a reliable basis of knowledge and experience of the relevant discipline." *Kumho Tire*, 526 U.S. 137, 150 (1999). The proponent of the expert testimony bears the burden of

---

[1] Plaintiff has separately filed a Motion for Partial Summary judgment, in part as to whether Uber should be held a common carrier as a matter of law.

showing admissibility by a preponderance of the evidence. Fed. R. Evid. 702.

**ARGUMENT**

**A.    Mr. Okpaku's opinions are irrelevant.**

    **1.    Uber's is a common carrier as a matter of law.**

Plaintiff proceeds to trial solely on the theory that Uber is vicariously liable as a common carrier; she is not pursuing her claim in negligence. As the Court earlier explained, in North Carolina, common carriers owe non-delegable duties to provide transportation safely, duties that are breached when the driver assaults a passenger. Common-carrier status therefore creates vicarious liability. *See* PTO 28 at 22-23.

The North Carolina Supreme Court makes this clear: "Since the carrier owes a high duty to a passenger to protect him from assault from any source, a malicious or wanton assault committed on a passenger by an employee while on duty, whether within the line of his employment or not, constitutes a breach of duty directly imposing liability." *Hairston v. Atl. Greyhound Corp.*, 18 S.E.2d 166, 170 (N.C. 1942); *accord, e.g., Williams v. Gill*, 29 S.E. 879, 879 (N.C. 1898) ("Indeed, where the relation of carrier and passenger exists, the conduct of an employé of the carrier in inflicting violence on the passenger, though the act be outside of the scope of his authority, or even willful and malicious, subjects the carrier to liability in damages just as fully as if the carrier had encouraged the commission of the act."); *White v. Norfolk & S.R. Co.*, 20 S.E. 191, 192-93 (N.C. 1894) ("Whether this wrongful act was done by the engineer while acting within the scope of his employment is of no moment. The doctrine of respondeat superior is not involved.").

Uber is a common carrier. North Carolina applies the traditional common law rule: a common carrier is one who holds itself out as offering transportation to the public for money. *Jackson v. Stancil*, 116 S.E.2d 817, 824-25 (N.C. 1960) ( "[t]he crucial test as to whether one is a common carrier is whether he holds himself out as such, either expressly or by a course of conduct, that he will carry for hire on a uniform tariff all persons applying so long as he has room. The holding out is not a formal matter, but consists of conduct naturally inducing a belief in the minds of the public, … [including through] advertising [or] solicitation.") (internal quotation marks, citations, and alterations omitted); *Beavers v. Fed. Ins. Co.*, 437 S.E.2d 881, 883 (N.C. App. 1994).

Under undisputed facts, that is exactly what Uber is and what Uber does. As this Court stated under Florida and Illinois law (materially indistinguishable from that of North Carolina): "There seemingly can be no doubt that … Uber would meet the definition of a common carrier." PTO 18 at 6.

To the extent the Court does not hold Uber a common carrier as a matter of law (*see* fn. 1, it is the subject of a pending motion for partial summary judgment), ███████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

**2.** **Mr. Okpaku's** ██████████████████████████ **are irrelevant.**

████████████████████████████████████████████████████████████████████

███████████████████████████████████████ Ex. A (Okpaku Rpt.) at 6, 29-36. ███████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████ Ex. A

(Okpaku Rpt.) at 32-36. These irrelevant and improper opinions should be excluded. Indeed, ██████

████████████████████████████████████████████████████████████████████

██████████████████████ *Id.* at 32 n. 83.[2]

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████ Ex. A at

32-36. But the statutory definition has no relevance outside of that statute. *See* N.C.G.S. § 62-3

---

[2] As mentioned, Mr. Okpaku's theory is premised on North Carolina having adopted a "regulatory framework … substantially modeled off of the regulatory framework that had been set forth by the CPUC" in California. Ex. A at 10. But in California, Uber is a common carrier for tort law purposes. *See* Ex. B (*JCCP Order*) at 9-16.

(setting out definitions of terms "As used in this Chapter"); *see also Beavers*, 437 S.E.2d at 83 (accepting as a given that "an aircraft transporter of musicians" and "an operator of passenger elevators" are both common carriers, even though neither is regulated by the Utilities Commission). The North Carolina TNC statute says nothing about Uber's tort liability at all, let alone its common-law duties as a common carrier. *See Arter v. Orange Cnty.*, 904 S.E.2d 715, 717 (N.C. 2024) (Statutes "in derogation of common law rights … cannot be construed to include or exclude by implication that which is not is clearly their express terms.") (citation omitted).

As the North Carolina TNC bears no weight on Uber's status as a common carrier, ███ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████ Fed. R. Evid. 403.

**B.** ████████████████████████████████████████

█ ████████████████████████████████████████████████████ ██████████████████████████████

Experts may not offer legal opinions because "legal opinions have no place in a jury trial and usurp the role of the judge and jury." *BP Prods. N. Am., Inc. v. Grand Petrol., Inc.*, 2021 WL 4482138, at *1 (N.D. Cal. Sept. 30, 2021). "Expert testimony on an ultimate issue is therefore excludable under Rule 702 if it does not aid the jury." *United States v. Barile*, 286 F.3d 749, 760 (4th Cir. 2002) (citing *Kopf*, 993 F.2d at 377-78). Opinions on specialized legal terms, and interpretation of the applicable law is "better handled by the judge and, coming from the witness, will be of little assistance to the jury." *United States v. Offill*, 666 F.3d 168, 175 (4th Cir. 2011).

Here, to the extent it is not decided as a matter of law, the Court will instruct the jury as to the applicable standard for Uber to be a common carrier. ████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████ Ex. A at 10, 29-31. Interpreting rules and statutes is for the Court to do, not an expert. *See, e.g., United States. v. McIver*, 470 F.3d 550, 562 (4th Cir. 2020). Experts

"do not testify about the law because the judge's special legal knowledge is presumed to be sufficient, and it is the judge's duty to inform the jury about the law that is relevant to their deliberations." *United States v. Scholl*, 166 F.3d 964, 973 (9th Cir. 1999) (citation omitted). While Uber may "use briefing to persuade the Court that [its] interpretation of the law is superior," it may not usurp the Court's role in determining what the law is and instructing the jury on its determinations. *See CFM Commc'ns, LLC v. Mitts Telecasting Co.*, 424 F. Supp. 2d 1229, 1236-37 (E.D. Cal. 2005).

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

"Intent" and "model" are irrelevant and improper legal opinions. *See United States ex rel. Miller v. ManPow, LLC*, 2023 WL 9005796, at *8-9 (C.D. Cal. Nov. 22, 2023) (excluding expert report "rife with impermissible statutory and regulatory interpretation" including "the definitions and purpose of certain statutory … requirements," the "intent behind certain … regulations," and "even … Congress's intent in designing and enacting" the statute); *Brewer v. BNSF Rwy. Corp.*, 2016 WL 11709319, at *2 (D. Mon. Apr. 22, 2016) (excluding testimony concerning "congressional intent in enacting" a statute because "it is the function of the Court to instruct the jury on relevant law").



██████████████████████████████████████████████████ "The interpretation of a contract is an issue of law …. Expert testimony is not proper for issues of law." *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1046 (9th Cir. 1996); *see also Brainchild Surgical Devices, LLC v. CPA Glob. Ltd.*, 144 F.4th 238, 257 (4th Cir. 2025).  Moreover, as discussed below, whether Uber drivers are employees or agents, or the degree of control Uber exercises over them is irrelevant under North Carolina law on Uber's vicarious liability.

███ There is no negligence claim and therefore they are irrelevant. As the Court in *Hairston* held a common carrier is vicariously liable for assaults by its drivers upon passengers; that state regulatory standards exceed or fall short of that duty, or exist at all, bears no weight on the fact the common law duty that applies to Uber in this case, ███████████████████████

███████████████████████ Ex. A at 19. Regulatory requirements in no way bear on Uber's status as a common carrier or diminish the common law duty that follows to protect passengers from assault. And Uber's negligence or lack thereof in supplying cameras or not is irrelevant to the issues in this case.

███████████████████████ As the Court ruled in PTO 28:

> "[T]he Court agrees with plaintiffs that '[l]ike California and Illinois (and the majority of states), North Carolina assigns common carriers like Uber a non-delegable duty to transport passengers safely, a duty that gives rise to vicarious

PL'S MOT. TO EXCLUDE OKPAKU
N.D. CAL. NO. 24-CV-4900; W.D.N.C. NO. 25-CV-737

liability whether or not the breach was done by an employee at all, let alone by one within the scope of employment.' Opp'n at 28; see also Hairston v. Atl. Greyhound Corp., 18 S.E.2d 166, 170 (N.C. 1942) ("Since the carrier owes a high duty to a passenger to protect him from assault from any source, a malicious or wanton assault committed on a passenger by an employee while on duty, whether within the line of his employment or not, constitutes a breach of duty directly imposing liability.")).

How much "control" Uber had over its drivers, or whether they were "employees" or "agents" bears no weight on Uber's status as a common carrier, its vicarious liability under North Carolina law or whether the assault took place. These opinions should be excluded.

## CONCLUSION

For these reasons, the opinions of expert Joseph Okpaku should be excluded in this case.

Dated: March 10, 2026      Respectfully submitted,

By: */s/ Sejal K. Brahmbhatt*

Sejal K. Brahmbhatt (pro hac vice)
John Eddie Williams, Jr. (pro hac vice)
John Boundas (pro hac vice)
Brian Abramson (pro hac vice)
Margret Lecocke (pro hac vice)
Walt Cubberly (SBN 325163)
Batami Baskin (pro hac vice)
Myles Shaw (pro hac vice)
Joseph C. Melugin (SBN 279439)
Stasja Drecun (pro hac vice)
**WILLIAMS HART & BOUNDAS LLP**
8441 Gulf Freeway, Suite 600
Houston, TX 77017-5051
Telephone: (713) 230-2227
Facsimile: (713) 643-6226
sbrahmbhatt@whlaw.com
jwilliams@whlaw.com
jboundas@whlaw.com
babramson@whlaw.com
mlecocke@whlaw.com
wcubberly@whlaw.com
bbaskin@whlaw.com
mshaw@whlaw.com
jmelugin@whlaw.com
sdrecun@whlaw.com

*Attorneys for Plaintiff WHB 823*

By: */s/ Brett E. Dressler*
Brett E. Dressler (NC Bar # 34516)

**SELLERS AYERS DORTCH & LYONS, P.A.**
301 South McDowell Street, Suite 410
Charlotte, NC  28204
Telephone: (704) 377-5050
Facsimile: (704) 339-0172
Email:  bdressler@sellersayers.com

*Local Counsel for Plaintiff WHB 823*


By: */s/ Sarah R. London*
Sarah R. London (SBN 267083)

**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com


By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com


By: */s/ Roopal P. Luhana*
Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

- 12 -

**FILER'S ATTESTATION**

I am the ECF User whose ID and password are being used to file this document. In compliance with L.R. 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated: March 10, 2026          By:     */s/ Myles Shaw*