[Submitting counsel below]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*WHB 823 v. Uber Techs., Inc., et al.*, No. 3:24-cv-04900 | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS' RULE 50(A) MOTION FOR JUDGMENT AS A MATTER OF LAW**<br><br>Judge: Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor<br><br>Date Filed: April 19, 2026<br>Trial Date: April 14, 2026 |

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF NORTH CAROLINA**

**CHARLOTTE DIVISION**

| | |
|---|---|
| WHB 823,<br><br>      Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>      Defendants | CASE NO. 3:25-cv-00737-CRB<br><br>Judge: Hon. Charles R. Breyer<br>Courtroom: 4A |

1

Case 3:25-cv-00737-CRB Document 174 Filed 04/20/26 Page 1 of 7

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

No reasonable jury could find Defendants ("Uber") liable for damages on this trial record. The Court should grant Uber judgment as a matter of law on Plaintiff's claim for vicarious liability.

*First*, Uber renews its arguments as to common carrier liability. As explained in Defendants' Motion for Summary Judgment, Plaintiff's common-carrier theory fails as a matter of law. Under North Carolina law, Uber is neither a "carrier" nor a "common carrier." And even if Uber were a common carrier, settled North Carolina law would preclude liability for Uber based on the acts of an independent contractor, and there is no evidence establishing that Mr. Richardson, the driver accused of committing battery against Plaintiff, was anything other than an independent contractor. Although the Court has previously overruled Uber's arguments and held that Uber is a common carrier—and liable for Mr. Richardson's torts as a matter of nondelegable duty—as a matter of law, Uber stands on its prior arguments and renews them here to preserve an argument that no jury could find that Uber is a common carrier or that Mr. Richardson was ever an Uber employee.

*Second*, Plaintiff failed to present legally sufficient evidence that any battery caused her to sustain actual damages. Under North Carolina law, a plaintiff who suffers from preexisting, complex psychological injuries are required to present expert testimony to establish that an alleged subsequent incident—as opposed to those preexisting conditions—is the source of her alleged injury and the cause of her claimed damages. Here, Plaintiff's medical history[1] reflects precisely the type of longstanding mental

---

[1] Although some of this evidence was excluded by virtue of the Court's in limine rulings, the evidence at trial nevertheless established an extensive and undisputed pre-ride history of mental health and substance abuse issues that give rise to the same causation question. (*See, e.g.*, Jenny Smith Dep. 35:8-36:17 (Ex. 1) (discussing history of anxiety and ADHD); *id.* 40:12-21 (noting history of IV drug use); *id.* 42:22-43:13 (discussing history of mental health inpatient treatment); *id.* 73:7-16 (noting that she wanted to see Plaintiff frequently because of the severity of her mental health diagnoses); *see also* 4/16/2026 Trial Tr. 302:1-2 (Dr. Smith video played); 4/17/2026 Trial Tr. 480:5-499:14 (discussing medical records as to long-term substance abuse and related mental-health issues); D-4149 (one of the medical records discussed); D-4131 (same); D-4135 (same); D-4143 (same); D-4145 (same).

Case 3:25-cv-00737-CRB   Document 174   Filed 04/20/26   Page 2 of 7

DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW
Case No. 3:23-md-03084-CRB / 3:25-cv-00737

health issues, substance abuse, trauma and indisputably complex diagnoses for which expert evidence is required and lay testimony is insufficient as a matter of North Carolina law. But she offered no such expert testimony, instead relying solely on her own lay testimony to establish the cause of her alleged injury. And in any event, the trial testimony negates causation and damages. The uncontradicted evidence from Plaintiff's own therapist and Uber's expert, Dr. Allison Reminick, is that Plaintiff never reported the incident she alleges in seeking medical treatment, despite sharing many other incidents with providers. And Plaintiff's lay testimony is that she is not seeking money damages. Thus, either way, the jury lacks legally sufficient evidence to conclude that Plaintiff sustained actual damages or, even if she did, that such damages resulted from the incident itself rather than Plaintiff's preexisting conditions. For these reasons, and as further explained below, no reasonable jury could find that Plaintiff established causation of actual damages.

## II.     ARGUMENT

### A. Plaintiff's Common Carrier Theory Fails As a Matter of Law.

Plaintiff's common-carrier theory fails for the reasons previously presented in Uber's briefing on both parties' motions for summary judgment, which Uber incorporates by reference. (*See* ECF Nos. 5473, 5634, 5707, 5753.) As explained there, under North Carolina law, Uber is not a "carrier" but instead operates within a separate and distinct statutory framework governing TNCs that connect riders with independent-contractor drivers. And even if Uber could be considered a carrier, its practices, including the general right to refuse its technology services and use of dynamic pricing, are incompatible with common-carrier status. Finally, in any event, Uber cannot be held liable under a nondelegable duty theory for the acts of an independent contractor under settled North Carolina law.[2] For these reasons, and as set

---

[2] Although it is Uber's position that it should be entitled to prevail on these issues as a matter of law, to the extent any factual dispute as to these issues was ever asserted, Uber notes that no evidence was presented at trial that would support a jury conclusion that Uber is a common carrier or that it was ever Mr. Richardson's employer or had any agency relationship with him.

Case 3:25-cv-00737-CRB   Document 174   Filed 04/20/26   Page 3 of 7
DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW
Case No. 3:23-md-03084-CRB / 3:25-cv-00737

forth more fully in Defendants' prior briefing, Plaintiff's common-carrier theory provides no basis for liability.

**B. Plaintiff's Evidence Is Insufficient to Support a Jury Verdict for Causation or Actual Damages.**

Even assuming the alleged battery occurred, Plaintiff failed to present legally sufficient evidence from which a reasonable jury could find that the alleged conduct caused her to sustain actual damages for two reasons: (1) she failed to proffer necessary expert evidence to prove causation; and (2) even if lay testimony sufficed, the record fails to establish actual damages.

*First*, as set forth in the briefing on Uber's Motion for Summary Judgment and its Trial Brief Re: Plaintiff's Damages Theory, which Uber incorporates by reference, Plaintiff failed to elicit the expert causation evidence required to prove causation under the facts of this case. (*See* ECF Nos. 5473, 5707, 5799-2.) Under North Carolina law, a plaintiff may recover only for damages that are the natural and proximate cause of the alleged wrongful act. (*See* 4/2/2026 Hr'g Tr. 39:20-40:8 (agreeing it is "absolutely right" that Plaintiff must prove that the claimed damages resulted from the alleged trauma).) When, as here, a plaintiff suffers from preexisting trauma, expert testimony is required to address the indisputably complex medical questions presented by conditions such as PTSD, depression, or anxiety. (*See* ECF Nos. 5473, 5707, 5799-2.) Plaintiff suffers from precisely such conditions but presented no expert testimony whatsoever, instead relying solely on her own lay testimony to establish causation—which is insufficient under North Carolina law.

Nor does Plaintiff's eleventh-hour abandonment of her initial damages theory disturb this analysis. Critically, both theories present the same causation problem. Plaintiff initially claimed that the alleged incident worsened her preexisting psychological conditions. At trial, Plaintiff instead suggested that she suffered only transient harm (i.e., "disgust") on the night of the incident. Under either theory, Plaintiff fails to present reliable evidence from which a reasonable jury could determine that the alleged conduct— as opposed to her well-documented preexisting trauma—is what caused the alleged injuries.

4

*Second*, Plaintiff in any event failed to elicit non-expert evidence at trial sufficient to support a jury award of actual damages ostensibly caused by the battery she alleges. Plaintiff's therapist Dr. Jenny Smith expressly denied that Plaintiff ever raised an issue of "trauma from a rideshare incident," a fact that strongly negates any factual conclusion that Plaintiff sustained actual damages. (Smith Dep. 32:7-11; *see also* 4/16/2026 Trial Tr. 302:1-2 (noting that Smith deposition was played).) That testimony is especially significant given the fact that Dr. Smith "saw [Plaintiff] actually fairly frequently," has a practice of making a record of "any significant traumatic incident that a [person] . . . identif[ies] during [a] session," and "felt like [she] developed a relationship with [Plaintiff] over time as her treating provider to have a clear picture about what was driving her symptoms." (Smith Dep. 37:8-14, 73:7-16, 75:2-8.)

Moreover, Plaintiff presented no evidence that she *ever* reported the alleged encounter with Mr. Richardson to *any* medical provider. Uber expert Dr. Allison Reminick confirmed the point, explaining that she "didn't see any reporting of the Uber incident to any medical providers across all of the medical records." (4/17/2026 Trial Tr. 498:24-25.) Those same records reflect that while there were "multiple other incidents that [Ms. Mensing] mentioned and discussed with providers when they asked about any emotional disturbances or anything that was emotionally distressing," "she never provided them with this rideshare incident." (*Id.* 499:10-14).

For her own part, Plaintiff repeatedly denied that she is seeking compensatory damages. On her direct examination for example, Plaintiff testified:

> I am not after anybody's money. Period. I am not. I'm here because this is ridiculous that it keeps happening to women. This is crazy that they won't take accountability. I'd be okay with a "Sorry. We messed up." I'd be okay with that. I'm not after their money.

(4/15/2026 Trial Tr. 105:13-17.) Similarly, on cross-examination, when asked why she had brought a "lawsuit for money," Plaintiff expressly denied she had done so, testifying:

> Q. And one of the things, though, that you have done here is you've brought a lawsuit for money, right?

5

A. How did I bring a lawsuit for money? I said I want your money? Where does it say that?

Q. Do you understand that that's what this lawsuit is?

A. I wasn't asking for money. I told you I was asking for an apology. I want accountability. What else – I'm not a lawyer. I don't -- this is all brand-new to me.

(*Id.* 145:4-11.)

Accordingly, in addition to abandoning her initial damages theory, Plaintiff has disclaimed any entitlement to actual damages. In light of that testimony—as well as the complete absence of expert evidence establishing causation—Plaintiff cannot establish an entitlement to actual damages as a matter of law.

In sum, Plaintiff failed to present legally sufficient evidence of causation or actual damages. Judgment as a matter of law is therefore warranted.

### III. CONCLUSION

For the reasons stated, the Court should grant Uber's Motion for Judgment as a Matter of Law with respect to Plaintiff's claim for vicarious liability and damages.

Case 3:25-cv-00737-CRB Document 174 Filed 04/20/26 Page 6 of 7

DATED: April 19, 2026

Respectfully submitted,

<u>/s/ Laura Vartain Horn</u>
Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, And RASIER-CA, LLC

7

DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW